**SIGNED this 19 day of April, 2011.**

/s/ Marcia P. Parsons
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**[This opinion is not intended for publication as the precedential effect is deemed limited.]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re<br><br>    IMAGEPOINT, INC.,<br><br>                      Debtor. | No. 09-31225<br>Chapter 7 |
| DAVID A. JONES, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>WACHOVIA BANK, NATIONAL<br>ASSOCIATION and WACHOVIA<br>CORPORATION,<br><br>    Defendants. | Adv. Pro. No. 10-3108 |

**M E M O R A N D U M**

APPEARANCES:

Kevin A. Dean, Esq.
Frantz, McConnell & Seymour, LLP
Post Office Box 39
Knoxville, Tennessee 37901
*Attorney for Plaintiff*

Lawrence R. Ahern, III, Esq.
Burr & Forman LLP
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203
*Attorney for Defendants*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. In this adversary proceeding, the chapter 7 trustee David H. Jones seeks turnover pursuant to 11 U.S.C. § 542(b) of a prepetition account receivable allegedly owed by Wachovia Bank, N.A. and Wachovia Corporation. Presently before the court is the trustee's motion to strike the defendants' jury demand, and the defendants' response in opposition to the motion. For the reasons discussed below, the motion will be granted as to one defendant and denied as to the other. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(E).

I.

On March 9, 2009, an involuntary bankruptcy petition was filed against the debtor ImagePoint, Inc., with the court entering an order for relief on April 13, 2009. Mr. Jones was subsequently appointed trustee. On July 27, 2009, the court entered an agreed order authorizing the debtor to use Wachovia Bank's cash collateral and to make semi-monthly adequate protection payments to Wachovia Bank. Thereafter, Wachovia Bank filed two proofs of claim, one in the amount of $251,929.28 and the other in the amount of $13,714,712.90.

On October 18, 2010, the trustee initiated this adversary proceeding against Wachovia Bank and its parent holding company, Wachovia Corporation. In the complaint, the trustee alleges that the debtor was not fully compensated for its manufacture and sale of branch location signs to Wachovia Bank and requests turnover under § 542(b) of the Bankruptcy Code of $207,960.50 plus interest, costs, and attorney's fees. No specific allegations are set forth against Wachovia Corporation. Wells Fargo Bank, N.A., the successor by merger to Wachovia Bank, and Wells Fargo & Company, the successor by merger to Wachovia Corporation and the parent company of Wells Fargo Bank, answered the complaint and requested a jury trial. As a defense to the trustee's complaint, the defendants allege that direct payments made to the debtor's subcontractors should be setoff against the amount of debt owed.

On February 28, 2011, the trustee moved to strike the defendants' demand for a jury trial. The trustee argues that Wachovia Bank consented to this court's equity jurisdiction by filing proofs of claim and receiving distributions under the cash collateral order. The trustee contends that the defendants' rights to a jury trial have been waived because of the relationship between Wachovia

Bank and the Wells Fargo companies.

In their response to the motion to strike jury demand, the defendants concede that Wells Fargo Bank's right to a jury trial may have been waived by its predecessor having filed proofs of claim. They argue, however, that this waiver cannot extend to the parent company Wells Fargo & Company because it is a separate entity and the trustee has not demonstrated that piercing the corporate veil is warranted. The defendants also claim that bifurcation of the trial is inappropriate.

II.

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989), the Supreme Court established a three-part analysis to determine if the right to a jury trial exists in the bankruptcy context.

> "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

*Id.* at 42 (internal citations omitted) (quoting *Tull v. United States*, 481 U.S. 412, 417–18, 107 S. Ct. 1831 (1987)). However, a party may waive its right to a jury trial. When the matter "arises as part of the process of allowance and disallowance of claims, it is triable in equity." *Katchen v. Landy*, 382 U.S. 323, 336, 86 S. Ct. 467 (1966). That "process of allowance and disallowance of claims" is triggered by a creditor's filing a proof of claim. *Granfinanciera*, 492 U.S. at 58. Once a creditor files a proof of claim, he consents to the bankruptcy court's equity jurisdiction and waives any right to a jury trial. *Id.*

Wachovia Bank filed two proofs of claim in the debtor's bankruptcy proceeding and thereby consented to this court's equity jurisdiction. The court must determine whether this consent extends to Wells Fargo Bank, as successor by merger with Wachovia Bank, and to Wells Fargo & Company, as successor by merger with Wachovia Corporation and the parent to Wells Fargo Bank.

III.

A successor by merger is an entity that "becomes invested with the rights and assumes the burdens" of the corporation it succeeds. *In re The Stanley Hotel, Inc.*, 13 B.R. 926, 933 (Bankr. D. Colo. 1981) (citing *In re New York, S.&W. R.R. Co.*, 109 F.2d 988, 994 (3d Cir. 1940)); *see also In re Federal-Mogul Global Inc.*, 411 B.R. 148, 164 (Bankr. D. Del. 2008) (rights and obligations of corporate entities can thus be passed on to successor entities through merger or other changes in corporate form). Because the successor "steps into the shoes" of its predecessor, it becomes responsible for all of the predecessor's debts, liabilities, and obligations. *In re West Pointe Ltd.P'ship*, 405 B.R. 325, 331 (Bankr. E.D. Mo. 2009); *see also IBC Mfg. Co. v. Velsicol Chem. Corp.*, 187 F.3d 635, *2 (6th Cir. 1999) (table opinion) (citing *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir. 1994)) (noting that a merger is an exception to the general rule that a purchaser of a corporation's assets does not automatically assume that corporation's assets ); *Stalvey v. Haveg Indus., Inc. (In re Asbestos Litig.)*, No. 92C-10-100, 1994 WL 89643, *3 (Del. Super. Ct. Feb. 4, 2004) (citing *Elmer v. Tenneco Resins, Inc.*, 698 F. Supp. 535, 540 (D. Del. 1988)) (same);19 Am. Jur. 2d *Corporations* § 2254 ("[T]he consolidated or resulting corporation succeeds to the powers, privileges, and property of the constituents or merged corporation."). The assets of the predecessor corporation, including any causes of action, pass automatically to its successor. 19 Am. Jur. 2d *Corporations* § 2330.

Wells Fargo Bank, as Wachovia Bank's successor by merger, succeeds to proofs of claim filed in the bankruptcy proceeding and will receive whatever benefit the holder of such claims is entitled to under the Bankruptcy Code. The consequences of filing, namely, consent to this court's equity jurisdiction, also pass to Wells Fargo Bank. Accordingly, the motion to strike jury demand as to Wells Fargo Bank will be granted.

IV.

The court now turns to the question of whether a subsidiary's waiver of the right to a jury trial extends to its parent. The trustee does not allege that any actions taken directly by Wells Fargo & Company constitute a waiver of its right to a jury trial. Rather, he argues that the benefits Wells Fargo Bank, as successor to Wachovia Bank, received and will receive as a result of the cash

collateral order and the proofs of claim will eventually be shared with its parent Wells Fargo & Company. According to the trustee, because money "flows upstream," the waiver of the right to a jury trial should follow suit.

The trustee cites, and this court can find, no authority for the proposition that receipt of a benefit from a cash collateral order serves as consent to a bankruptcy court's equity jurisdiction. Moreover, the trustee provides neither factual nor legal support for the argument that the Wells Fargo companies pool their money to the extent that the actions of one entity should be attributed to the other. Bank holding companies are separate entities that exercise control over banks. 12 U.S.C. § 1841(a)(1). They act "as a source of financial and managerial strength" to the subsidiary banks, but they are not extensions of these institutions. 12 C.F.R. § 225.4(a)(1). Wells Fargo Bank and Wells Fargo & Company are distinct entities subject to different regulations promulgated by different governing boards. *Compare* 12 U.S.C. § 1 (Comptroller of the Currency governs banks) *with* 12 U.S.C. § 1841(a) (Federal Reserve Board governs bank holding companies). Other than the inherent control evident in any parent/subsidiary relationship, there is nothing from the record which indicates that monies received by Wells Fargo Bank are ultimately controlled by Wells Fargo & Company. Accordingly, the court concludes that the "money flowing upstream" argument has no merit.

As noted by the defendants, the only legal avenue for extending Wachovia Bank's jury trial waiver to its successor parent company Wells Fargo & Company would be to pierce the former's corporate veil. Under this theory, parents are liable for actions of their subsidiaries if the following elements are satisfied:

> (1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own.
>
> (2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or otherwise positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Cont'l Bakers Life Ins. Co. of the S. v. Bank of Alamo*, 578 S.W.2d 625, 632 (Tenn. 1979) (citing

*Lowendahl v. Baltimore & Ohio R.R. Co.*, 287 N.Y.S. 62, 75 (N.Y. App. Div. 1936)).[*]

Applying this criteria to the present case, there is no evidence suggesting the requisite dominion or control necessary to pierce the corporate veil. The trustee has not alleged fraud or intentional wrongdoing on the part of either Wachovia Corporation or its successor Wells Fargo & Company, and there is no indication that the debtor's injury, i.e., the nonpayment by Wachovia Bank, was proximately caused by its parent or the parent's successor. Accordingly, there is no basis for piercing the corporate veil.

V.

In summary, the trustee's motion to strike jury demand will be granted as to Wells Fargo Bank because its predecessor in interest, Wachovia Bank, waived its right to a jury trial by filing proofs of claim, thereby submitting itself to the jurisdiction of this court. And, because no legal basis has been presented for extending Wells Fargo Bank's waiver to its parent Wells Fargo & Company, the trustee's motion to strike the latter's jury demand will be denied. In other words, the trustee's claim against Wells Fargo Bank will be decided by this court and the trustee's claim against Wells Fargo & Company will be decided by a jury.

In their answer, the defendants did not consent to the entry of a final judgment, except on the basis of a jury verdict, and they observed that under Federal Rule of Bankruptcy Procedure 9015 the parties must consent in order for a bankruptcy judge to conduct a jury trial. Although the defendants did not expressly state in their answer that they do not consent to the undersigned judge conducting the jury trial, both their answer and their memorandum in opposition to the trustee's motion to strike suggest that their consent will not be forthcoming. Absent consent, a jury trial must be conducted by the district court. *Steed v. Knox Forex Group, LLC (In re Rivas)*, No. 1:09-cv-176, 2009 WL 2929424, *3 (E.D. Tenn. Sept. 8, 2009).

---

[*] Although both Wells Fargo Bank and Wells Fargo & Company are Delaware corporations, Tennessee law may be used to determine if the veil of a foreign corporation can be pierced. *Boles v. Nat'l Development Co., Inc.*, 175 S.W.3d 226, 238 (Tenn. Ct. App. 2005). Moreover, Tennessee and Delaware law on piercing the corporate veil are so similar that the choice of law would not appear to be outcome-determinative. *See Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 676 (6th Cir. 2006).

The defendants argue that it would be inappropriate to bifurcate this adversary proceeding such that this court resolves the trustee's claim against Wells Fargo Bank and a jury in district court determines the trustee's same claim against Wells Fargo & Company.  This court agrees.  While Federal Rule of Bankruptcy Procedure 7042 authorizes this court to bifurcate adversary proceedings "[f]or convenience, to avoid prejudice, or to expedite and economize," Fed. R. Civ. P. 42 (b), bifurcation in the instant case would appear to provide none of these benefits. Rather, trial in two separate courts of the trustee's claim and of the setoff defense raised by the defendants would be inconvenient, expensive for the parties, and a waste of judicial resources, and could result in inconsistent verdicts.

In this regard, the court notes that Wells Fargo & Company appears to be a defendant solely because it is the parent to Wells Fargo Bank.  As noted previously, the trustee has made no direct allegations against Wells Fargo & Company or its predecessor Wachovia Corporation.  Accordingly, the court questions whether there is any basis to hold the parent liable. Dismissal of the parent from this action would, of course, alleviate the necessity of a jury trial.  An order will be entered giving Wells Fargo & Company fourteen days to file a statement of consent to the undersigned bankruptcy judge conducting the jury trial.  In the event that the Wells Fargo & Company fails to provide its consent during this time period, the court will then wait an additional fourteen days to give the trustee an opportunity to voluntarily dismiss its action against Wells Fargo & Company.  In the absence of either consent or a motion to dismiss, this court will suggest to the district court that withdrawal of the reference is appropriate so that the trustee's actions against the two defendants can be tried together.

# # #